FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 JUL 19  PM 2: 50

MARGARET BOTKINS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| UNITED STATES OF AMERICA, | | |
|---|---|---|
| | No. | 23 - CR - 95 - SWS |
| Plaintiff, | | |
| | **Ct 1:** | **18 U.S.C. § 152(2)** |
| **v.** | | (False Statement in a Bankruptcy Proceeding) |
| **PETER SZANTO**, | | |
| | **Ct 2:** | **18 U.S.C. § 157** |
| | | (Bankruptcy Fraud Scheme) |
| Defendant. | | |
| | **Ct 3:** | **18 U.S.C. § 1519** |
| | | (Falsification of Records in a Bankruptcy) |

---

### I N D I C T M E N T

---

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

1.      In October 2003, the Defendant, **PETER SZANTO**, obtained a loan from Washington Mutual Bank, FA ("WaMu") in the amount of $1,000,000.00 ("Loan"), secured by a deed of trust against his home at 11 Shore Pine Dr., Newport Beach, CA, 92657 (the "Newport Beach Property").  In 2008, after WaMu failed and was taken into receivership by the Federal Deposit Insurance Corporation ("FDIC"), JP Morgan Chase ("Chase") acquired WaMu's assets from the FDIC, including the Defendant's loan with WaMu. The Defendant defaulted on the Loan in 2009, his default remains uncured, and he owes more than $2 million on the Loan.  Over several years, Chase has sought to foreclose on the property.

2.      On July 12, 2022, the Probate Estate of Susan Szanto (the "Debtor"), a Wyoming corporation, filed a Chapter 11 bankruptcy petition (the "Petition") in the United States

Bankruptcy Court for the District of Wyoming. The Debtor's Petition was completed, signed, and authorized to be filed by the Defendant, who was the husband of the late Susan Szanto. Under penalty of perjury, the Defendant listed the Debtor's "principal place of business" as the Newport Beach Property address. In the accompanying financial schedules filed along with the Petition, the Defendant listed only a single asset for the Debtor, that being a 50% interest in the Newport Beach Property valued at $4.5 million.

3.      The Defendant has previously filed bankruptcy petitions in the following federal courts and years: (a) in the Central District of California in February 2013 (where the Newport Beach Property is located), (b) in the District of Nevada in June 2013, (c) in the District of Oregon in August 2016, and (d) in the Southern District of California in June 2022. In these prior bankruptcy proceedings, the Defendant's debt to creditor Chase for the Loan was not discharged.

4.      The United States Bankruptcy Court is part of the judicial branch of the United States government that administers cases involving individuals and businesses who owe more debt than they are able to pay. Bankruptcy proceedings are intended to give an honest debtor a "fresh start" in life by relieving them of most debts while simultaneously repaying creditors in an orderly manner to the extent that the debtor has property available for payment.

5.      A bankruptcy case normally begins by the debtor filing a petition with the bankruptcy court. The debtor is also required to file statements listing assets, income, liabilities, and the names and addresses of all creditors and how much each is owed. The filing of a petition automatically prevents, or "stays," debt collection against the debtor and the debtor's property. As long as the stay remains in effect, creditors cannot bring or continue lawsuits, foreclosures, wage garnishments, or even make phone calls demanding payment.

6.      Creditors receive notice from the clerk of the bankruptcy court that the debtor has filed a bankruptcy petition. Some bankruptcy cases are filed to allow a debtor to reorganize and establish a plan to repay creditors while other cases involve liquidation of the debtor's property.

7.      Section 341 of the bankruptcy code requires the debtor or its representative to appear at a meeting of creditors and testify under oath regarding the debtor's financial affairs.

8.      On May 22, 2022, at approximately 3:44 a.m., the Debtor was formed as a Wyoming corporation through an online application with the Wyoming Secretary of State by a person purporting to be M.J. This filing consisted of the Articles of Incorporation and listed the principal and mailing addresses of the company as the Newport Beach Property. The filing further identified M.J. as the incorporator and CEO with a contact email address of probateesatess@gmail.com and a California phone number ending 1888.

9.      Gmail account probateesatess@gmail.com was created on May 17, 2022.  The California phone number ending 1888 listed for M.J. is subscribed to by the Defendant at the Newport Beach Property address.

10.     On or about August 5, 2022, as proof of the claim that Debtor owns the Newport Beach Property in fee simple, the Defendant, through counsel, provided counsel for the Office of the U.S. Trustee a document purporting to be a California Grant Deed administered by the Defendant in his capacity as the "Probate Administrator" for his late wife's estate, deeding a 50% undivided interest in the Newport Beach Property to the Debtor on May 31, 2022.

11.     On or about August 9, 2022, as proof of his authority to act on behalf of the Debtor, the Defendant, through counsel, provided counsel for the Office of the U.S. Trustee an email that the Defendant purportedly received from M.J. (who purportedly resided in Israel) that he had

3

translated into English.  Specifically,  according to the Defendant, the email is dated May 31, 2022, and is from m.....j.........@gmail.com, addressed to Defendant, informing him, in part:

> I incorporated a Wyoming corporation for Susan's estate to protect her property. . .
> .The corporation that is Susan Szanto's probate estate hereby appoints Peter Szanto as
> manager, director and Operations Officer for the continued protection and expansion
> of The Estate of Susan Szanto.

Hereinafter Email 1.

12.     In fact, the Gmail address for M.J. listed on Email 1 (m.....j.........@gmail.com) was created on July 24, 2022.

13.     On August 16, 2022, the Defendant appeared by telephone and testified under oath at the Debtor's meeting of creditors held pursuant to § 341 of the Bankruptcy Code.  After being placed under oath by counsel for the Office of the U.S. Trustee and in response to questions, the Defendant denied forming the Debtor and testified that M.J. had formed the Debtor without his knowledge to protect potential "mineral interests" M.J. and his deceased wife had allegedly acquired in Wyoming over the years, and of which the Defendant was allegedly unaware until recently.  The Defendant further testified that he was unaware of what were the nature of the potential "mineral interests," and that he had not listed any "mineral rights" as assets of the Debtor in the Petition.  The Defendant also testified that on May 31, 2022, M.J. had turned control of the Debtor over to him "via email."  The Defendant testified that after receiving the email from M.J., he "thought it perhaps might be a good idea to transfer an asset that I knew to be Susan's to the corporation that bore her name."  The Defendant testified he executed the grant deed on May 31, 2022, transferring this interest:

> because the representative for JPMorgan Chase seemed to be intent on
> disregarding Susan's ownership, and my thinking was that the only protection that
> I had was to transfer to the corporation and so that it could be administered as an
> asset of the corporation.

14.     At the time the Defendant caused the filing of the Petition for the Debtor in the District of Wyoming, he also was involved in another bankruptcy proceeding that was pending in U.S. Bankruptcy Court in the Southern District of California (San Diego), Case No. 3:22bk01558 (hereinafter "SDCA Bankruptcy Case").   In the SDCA Bankruptcy Case, the Defendant, in his individual capacity, filed a Chapter 11 Voluntary Petition on June 10, 2022, stating, under penalty of perjury, that he resided at an address in Oceanside, California.   The filing of the SDCA Bankruptcy Case triggered the automatic stay, which prevented Chase from foreclosing on the Newport Beach Property on June 13, 2022, as previously scheduled.   On June 28, 2022, the judge in the SDCA Bankruptcy Case issued an Order to Show Cause why Case Should Not be Dismissed for lack of venue, given that "from at least December 17, 2020, through June 7, 2022 – three days before filing the present case – Debtor [PETER SZANTO] repeatedly told the Ninth Circuit that he lived at [the Newport Beach Property]."   The Order set the show cause hearing for July 18, 2022, and ordered that the parties may file any written response to the Order by July 11, 2022.

## COUNT ONE

1.     Paragraphs 1 through 14 of the Introduction to this Indictment are incorporated herein by reference.

2.     On or about August 16, 2022, in the District of Wyoming, the Defendant, **PETER SZANTO**, did knowingly and fraudulently make a false material statement under oath in and in relation to a case under Title 11, namely, *In re: Probate Estate of Susan Szanto*, Case No. 22-20240, in the United States Bankruptcy Court for the District of Wyoming, the Defendant  falsely testified under oath at a meeting of creditors that he did not form the Debtor, *Probate Estate of*

*Susan Szanto*, a Wyoming Corporation, but that M.J. formed the Debtor without his knowledge and thereafter "handed it over" to Defendant "via email."

In violation of 18 U.S.C. § 152(2).

## COUNT TWO

1.      Paragraphs 1 through 14 of the Introduction to this Indictment are incorporated herein by reference.

2.      On or about July 12, 2022, in the District of Wyoming and elsewhere, the Defendant, **PETER SZANTO**, knowingly having devised and intended to devise a scheme to defraud the U.S. Bankruptcy Court and JP Morgan Chase, and for the purpose of executing and attempting to execute said scheme to defraud, that is to hinder and obstruct Chase's lawful foreclosure of the Newport Beach Property by fraudulently initiating a bankruptcy proceeding for the purpose of invoking the Bankruptcy Code's automatic stay provisions, filed a petition under Title 11, namely, *In re: Probate Estate of Susan Szanto*, Case No. 22-20240, in the United States Bankruptcy Court for the District of Wyoming,

In violation of 18 U.S.C. § 157.

## COUNT THREE

1.      Paragraphs 1 through 14 of the Introduction to this Indictment are incorporated herein by reference.

2.      On or about August 9, 2022, in the District of Wyoming and elsewhere, the Defendant, **PETER SZANTO**, did knowingly alter, falsify, and make a false entry in a document with the intent to impede, obstruct, and influence the proper administration of a case filed under Title 11, namely, *In re: Probate Estate of Susan Szanto*, Case No. 22-20240, in the United States Bankruptcy Court for the District of Wyoming, by creating Email 1 and causing it to be submitted

to counsel for the Office of the U.S. Trustee, and thereby falsely represent to the Trustee that the Debtor was a legitimate corporation, and that he had been duly appointed by "M.J." to be the manager, director, and operation officer of said corporation, whereas in fact, as he then well knew, the Debtor corporation was an empty shell created by the Defendant for the purpose of filing a bankruptcy proceeding so that he could fraudulently take advantage of the Bankruptcy Code's automatic stay provisions and thereby hinder and obstruct Chase's lawful foreclosure of the Newport Beach Property.

In violation of 18 U.S.C. § 1519.

A TRUE BILL:

  /s/ Ink Signature on File in Clerk's Office
FOREPERSON

_____
NICHOLAS VASSALLO
United States Attorney

## PENALTY SUMMARY

**DEFENDANT NAME:**           **PETER SZANTO**

**DATE:**                                      July 18, 2023

**INTERPRETER NEEDED:**    No

**VICTIM(S):**                           Yes

**OFFENSE/PENALTIES:**

        **Ct: 1**  **18 U.S.C. § 152(2)**
              (False Statement in a Bankruptcy Proceeding)

              0-5 Years Imprisonment
              Up To $250,000 Fine
              NMT 3 Years Supervised Release
              $100 Special Assessment

        **Ct: 2**  **18 U.S.C. § 157**
              (Bankruptcy Fraud Scheme)

              0-5 Years Imprisonment
              Up To $250,000 Fine
              NMT 3 Years Supervised Release
              $100 Special Assessment

        **Ct: 3**  **18 U.S.C. § 1519**
              (False Declaration in a Bankruptcy)

              0-20 Years Imprisonment
              Up To $250,000 Fine
              NMT 5 Years Supervised Release
              $100 Special Assessment

**TOTALS:**                              0-30 Years Imprisonment
              Up To $750,000 Fine
              NMT 5 Years Supervised Release
              $300 Special Assessment

**AGENT:**                                Amanda R Fritz, FBI

**AUSA:**                                  Margaret M. Vierbuchen, Assistant United States Attorney

**ESTIMATED TIME OF
TRIAL:**                           3 to 5 days

**WILL THE GOVERNMENT
SEEK DETENTION IN THIS
CASE:**                            Yes

**ARE THERE DETAINERS
FROM OTHER
JURISDICTIONS:**                   No