Margaret M. Vierbuchen
Wyoming State Bar No. 8-6767
Assistant United States Attorney
United States Attorney's Office for the District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Margaret.Vierbuchen3@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Docket No. 23-CR-95-SWS |
| **PETER SZANTO,** | |
| Defendant. | |

### Government's Notice of Intent to Introduce Expert Testimony

The United States of America hereby provides notice of its intent to introduce expert testimony, as described in the following paragraphs, during its case-in-chief. The United States provides this notice pursuant to Fed. R. Crim. P. 16(c) and this Court's *Discovery and Scheduling Order*. (ECF No. 51 at 3.) The United States respectfully reserves the right to further supplement this notice. Fed. R. Crim. P. 16(a)(1)(G)(vi), (c).

To avoid surprise or confusion to this Court or the Defendant, the United States is giving courtesy notice of its intent to introduce the below-identified testimony. In providing such notice, the United States does not concede that this anticipated testimony is in fact expert testimony subject to Federal Rule of Evidence 702. The United States merely provides this notice out of an abundance of caution.

### DANIEL MORSE

The United States will call Daniel Morse, the Assistant U.S. Trustee (AUST) for the District of Wyoming, to testify at trial. In his capacity as AUST, Mr. Morse was involved in the Chapter 11 Wyoming bankruptcy proceedings underlying the charges in this criminal case. Mr. Morse is also a fact witness who will testify as to his observations of the Wyoming bankruptcy proceedings at issue in this case, including his interaction with the bankruptcy attorney hired by the Defendant to represent the Debtor (Probate Estate of Susan Szanto) and the Defendant's testimony under oath at the Creditor's Meeting. Mr. Morse will also describe the unusual nature of the Wyoming bankruptcy proceedings involving the Defendant, including the lack of assets in Wyoming for the Debtor, and the single asset of the Debtor being a purported ownership in the Defendant's California home that was recently deeded prior to initiation of the Wyoming bankruptcy. As part of his AUST responsibilities, Mr. Morse authored a 7-page criminal referral (with 10 Exhibits), stating his opinions and the bases therefore, which has been produced in discovery.

*Qualifications:* In addition to his knowledge of the specific facts relevant to the Wyoming bankruptcy proceeding at issue in this case, Mr. Morse has knowledge, skill, experience, training, education, and expertise beyond the ordinary lay person in the field of bankruptcy law and proceedings, and he is expected to offer testimony based on this specialized knowledge that will help the trier of fact to understand the evidence and to determine facts at issue. Mr. Morse is well qualified to explain these basic and relevant concepts of bankruptcy law and proceedings to the jury as evidenced by the attached resume. *See Exhibit* 1. Mr. Morse has not testified as an expert at trial or by deposition in the last four years. His publications in the last 10 years are included in Exhibit 1.

*Summary of Testimony:* Mr. Morse may explain to the jury the basics of proceeding in bankruptcy under Title 11 of the United States Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the bankruptcy code, the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and obligations of each; how a bankruptcy case is initiated and the path such cases may take from motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapter 7, 11 and 13), as well as the differences between those proceedings; and the "discharge" of debt.

      Mr. Morse may also testify to the role and duties of the U.S. Trustee and private trustee's in bankruptcy proceedings and bankruptcy courts. He may explain the standard permissions and restrictions of a debtor or debtor-in-possession's use and disposition of the estate's property. It is further expected that Mr. Morse will explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," debtor, debtor in possession, the Voluntary Petition and required financial schedules, the "automatic stay" of the bankruptcy code, secured and unsecured creditors, and the creditors meeting under Section 341 of the bankruptcy code. Finally, Mr. Morse will explain common ways that the bankruptcy system is abused, such as how the automatic stay can be used as part of a fraud scheme to delay or prevent an event such as foreclosure or eviction, how the use of deeds to transfer property before or during a bankruptcy may also be indicative of fraud, or by serial bankruptcy filings in multiple districts.

*/s/ Daniel Morse*
**Approved by AUST Daniel Morse**

### **CORINA R. PANDELI**

The United States will call Corina R. Pandeli at trial. Ms. Pandeli is a Trial Attorney with the Office of the U.S. Trustee, 880 Front Street, Suite 3230, San Diego, California 92101. In her capacity as a Trial Attorney, Ms. Pandeli was involved in the Chapter 11 bankruptcy proceedings initiated by the Defendant in the Southern District of California (SDCA) in June 2022. She is not a retained expert and is expected to offer the fact and opinion testimony outlined in the four-page criminal referral dated April 3, 2023 (and produced contemporaneously with this filing). She is also a fact witness who will testify as to relevant procedural history in the SDCA bankruptcy proceedings (22-bk-01558) at issue in this case, to include the Defendant's testimony at his Meeting of Creditors pursuant to Section 341(a) of the Bankruptcy Code.

*Qualifications:* In addition to her knowledge of the specific facts relevant to the SDCA bankruptcy proceeding at issue in this case, Ms. Pandeli has knowledge, skill, experience, training, education and expertise beyond the ordinary lay person in the field of bankruptcy law and proceedings, and she may offer testimony based on this specialized knowledge that will help the trier of fact to understand the evidence and to determine facts at issue. Ms. Pandeli is well qualified to explain these basic and relevant concepts of bankruptcy law and proceedings to the jury as evidenced by her qualifications (below). Ms. Pandeli has not testified as an expert at trial or by deposition in the last four years.

*Qualifications:* As noted, Ms. Pandeli is a Trial Attorney with the Office of the U.S. Trustee, a position she has held since November 2016. She was admitted to the California bar in June 2012. She obtained her law degree from University of Nevada Las Vegas, Boyd School of Law in May 2010 and her undergraduate degree in Sociology from the University of California at Berkeley in May 2003. Ms. Pandeli served as a judicial law clerk in the United States

Bankruptcy Court for the District of Nevada from August 2010 to December 2012, and in the United States Bankruptcy Court for the Southern District of California from January 2013 to November 2016.

*Summary of Testimony:* Ms. Pandeli is expected to testify primarily as a fact witness regarding the Defendant's voluntary Chapter 11 bankruptcy case filed in June 2022 in the Southern District of California. To the extent she will need to explain basic legal and bankruptcy terms/concepts, she is noted as an expert out of an abundance of caution. For instance, in order to help assist the jury understand the facts, Ms. Pandeli may need to explain to the jury the basics of a proceeding in bankruptcy under Title 11 of the United States Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the Bankruptcy Code; the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and obligations of each; how a bankruptcy case is initiated and the path such cases may take from motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the Bankruptcy Code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapters 7, 11 and 13), as well as the differences between those proceedings; and the "discharge" of debt.

Ms. Pandeli may also testify to the role and duties of the U.S. Trustee and private trustees in bankruptcy proceedings and bankruptcy courts. She may explain the standard permissions and restrictions of a debtor or debtor-in-possession's use and disposition of the estate's property. It is further expected that Ms. Pandeli will explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," debtor, debtor in possession, the Voluntary Petition and required financial schedules, the "automatic stay" of the Bankruptcy Code, secured and unsecured

creditors, the appellate process in bankruptcy, the meeting of creditors under Section 341 of the Bankruptcy Code, a "motion (or order) to show cause;" "motion for relief from automatic stay;" and "In Rem" relief under Section 362 of the Bankruptcy Code.

Finally, Ms. Pandeli will explain ways that the bankruptcy system may be abused by a dishonest debtor, such as how the automatic stay can be used improperly to delay or prevent an event such as foreclosure or eviction, by the use of deeds to transfer property before or during a bankruptcy, or by serial bankruptcy filings in multiple districts. Ms. Pandeli will further opine that the Defendant's conduct was not consistent with the purposes of the bankruptcy system's goal to assist the honest but unfortunate debtor to either liquidate assets and/or reorganize his/her debt, as explained further in the above-reference four-page criminal referral.

*/s/ Corina R. Pandeli*
**Approved by Corina Pandeli**

### *CAMERON M. GULDEN*

The United States will call Cameron M. Gulden, the Assistant U.S. Trustee (AUST) for the District of Nevada, to testify at trial. In his capacity as AUST, Mr. Gulden was involved in the appeal process in 2014 and 2016 related to the 2013 Chapter 11 bankruptcy proceedings initiated by the Defendant in the District of Nevada. He is not a retained expert and is not expected to offer any opinion testimony. He is primarily a fact witness who will testify as to relevant procedural history in the Nevada bankruptcy proceedings (13bk51261) at issue in this case. To the extent his testimony requires that he explain general bankruptcy terms, laws, or procedures, this expert notice is submitted out of an abundance of caution.

*Qualifications:* In addition to his knowledge of the specific facts relevant to the Nevada bankruptcy proceeding alleged to be part of the bankruptcy scheme at issue in this case, Mr. Gulden has knowledge, skill, experience, training, education and expertise beyond the ordinary lay person in the field of bankruptcy law and proceedings, and he is expected to offer testimony based on this specialized knowledge that will help the trier of fact to understand the evidence and to determine facts at issue. Mr. Gulden is well qualified to explain these basic and relevant concepts of bankruptcy law and proceedings to the jury as evidenced by the attached resume. *See Exhibit* 2. Mr. Gulden has not testified as an expert at trial or by deposition in the last four years, or authored any publication in the past 10 years.

*Summary of Testimony:* In order to help assist the jury understand the facts, Mr. Gulden may need to explain to the jury the basics of proceeding in bankruptcy under Title 11 of the United States Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the bankruptcy code, the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and obligations of each; how a bankruptcy case is initiated and the path such cases may

7

take from motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapter 7, 11 and 13), as well as the differences between those proceedings; and the "discharge" of debt.

Mr. Gulden may also testify to the role and duties of the U.S. Trustee and private trustees in bankruptcy proceedings and bankruptcy courts. He may explain the standard permissions and restrictions of a debtor or debtor-in-possession's use and disposition of the estate's property. It is further expected that Mr. Gulden will explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," debtor, debtor in possession, the Voluntary Petition and required financial schedules, the "automatic stay" of the bankruptcy code, secured and unsecured creditors, the appeals process in bankruptcy, and the creditors meeting under Section 341 of the bankruptcy code. Finally, Mr. Gulden may explain ways that the bankruptcy system may be abused by the dishonest debtor, such as how the automatic stay can be used improperly to delay or prevent an event such as foreclosure or eviction, by the use of deeds to transfer property before or during a bankruptcy, or by serial bankruptcy filings in multiple districts.

*/s/ Cameron Gulden*
**Approved by Cameron M. Gulden**

### RUSSELL GARRETT

The United States will call Russell Garrett, a practicing attorney with Jordan Remis PC based in Portland, Oregon. He is not a retained expert, and is not expected to offer any opinion testimony. Mr. Garrett is primarily a fact witness. In approximately late 2017, his firm was appointed to represent the Trustee and the bankruptcy estate in the bankruptcy case filed by the Defendant in 2016 in the District of Oregon, including multiple appeals by the Defendant. In this capacity he was involved in the bankruptcy proceedings in the District of Oregon underlying the bankruptcy scheme alleged in this criminal case.

*Qualifications:* Mr. Garrett represents fiduciaries, such as bankruptcy trustees and receivers, banks, credit unions, other financial groups, and significant creditors and shareholders in domestic matters. His current and previous clients consist of Chapter 7, 12, and 13 Trustees, creditors' committees, insurance carriers, and financial institutions, including the largest auto finance companies in the world. Mr. Garrett is an experienced trial lawyer and practices before the Ninth Circuit Court of Appeals and Bankruptcy Appellate Panel. Mr. Garrett serves as a panel Chapter 7 Trustee for the Western District of Washington and, from time to time, has served from as a Chapter 11 Trustee and state court Receiver.

Mr. Garrett speaks or has spoken on bankruptcy and litigation topics around the country for the National Association of Bankruptcy Trustees, American Bankruptcy Institute, National Business Institute, Oregon State Bar, Washington State Bar, and Hawaii Bankruptcy Bar.

Mr. Garrett is a director on the Board for the National Association of Bankruptcy Trustees and a Committee Member of the Executive Committee for the Washington State Bar Creditor-Debtor Section.

Mr. Garrett is a former Ninth Circuit Lawyer Representative from the Western District of Washington, a former Trustee for the Federal Bar Association in the Western District of Washington, and a former member of the Oregon State Bar Debtor-Creditor executive committee. Mr. Garrett also helped to form the Oregon State Bar New Lawyers Division and served on the ABA-YLD team.

Mr. Garrett received his B.A. from the University of Oregon and his J.D. from Willamette University in 1988 where he served as a member of the *Law Review* and as an author.

Mr. Garrett has a Martindale-Hubbell® AV Preeminent® Attorney rating, the highest possible rating for an attorney for both ethical standards and legal ability. He is also recognized as a top-rated lawyer in both Oregon and Washington by *Super Lawyers* and *Best Lawyers*.

Mr. Garrett is well qualified to explain these basic and relevant concepts to the jury. Mr. Garrett has not testified as an expert at trial or by deposition in the last four years, and has not authored any relevant publications in the last 10 years.

*Summary of Testimony:* Mr. Garrett is primarily a fact witness who will testify as to the Defendant's actions and statements/filings in the Oregon bankruptcy (including the filing of numerous motions, challenges and related appeals) as relevant to establishing the bankruptcy fraud scheme alleged in this case. To the extent he may need to explain basic legal and/or bankruptcy terms/concepts to put this factual testimony in context, he is noted as an expert in an abundance of caution.  For instance, in order to help assist the jury understand the facts, Mr. Garrett may need to explain to the jury the basics of proceeding in bankruptcy under Title 11 of the United States Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the bankruptcy code; the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and

obligations of each; how a bankruptcy case is initiated and the path such cases may take from motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapters 7, 11 and 13), as well as the differences between those proceedings; and the "discharge" of debt.

Mr. Garrett may also testify to the role and duties of the U.S. Trustee and private trustee's in bankruptcy proceedings and bankruptcy courts. He may explain the process and reasons the Defendant's Petition was converted from Chapter 11 to Chapter 7, which placed the estate under the control of the Trustee.  It is further expected that Mr. Garrett will explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," debtor, debtor in possession, the Voluntary Petition and required financial schedules, the "automatic stay" of the bankruptcy code, secured and unsecured creditors, the appeals process in bankruptcy, adversary proceedings in bankruptcy, the creditors meeting under Section 341 of the bankruptcy code, conversion, a "motion (or order) to show cause;" "motion for relief from automatic stay;" "vexatious litigant;" and "In Rem" relief under Section 362 of the bankruptcy code.

Finally, Mr. Garrett will explain ways that the bankruptcy system may be abused by a dishonest debtor, including how the automatic stay can be used improperly to delay or prevent an event such as foreclosure or eviction, by the use of deeds to transfer property before or during a bankruptcy, by the filing of numerous and unsupported motions/appeals to delay proceedings, or by serial bankruptcy filings in multiple districts.

*/s/ Russell Garrett*
**Approved by Russell Garrett**

### *J*AKE *F*REED

The United States will call Jake Freed at trial. Mr. Freed is an attorney at Davis Wright Tremaine LLP in the San Francisco office. Davis Wright Tremaine LLP was retained by JP Morgan Chase to represent Chase's interest (as a secured creditor) in numerous bankruptcy cases filed by the Defendant over the years.

*Qualifications:* In addition to his knowledge of the specific facts relevant to the numerous bankruptcy proceedings (and state civil proceedings) initiated by the Defendant that impact Chase's security interest in the Defendant's Newport Beach property, Mr. Freed has knowledge, skill, experience, training, education, and expertise beyond the ordinary lay person in the field of civil and bankruptcy law and proceedings, and he may offer testimony based on this specialized knowledge that will help the trier of fact to understand the evidence and to determine facts at issue. Mr. Freed is well qualified to explain these basic and relevant concepts of civil and bankruptcy law and proceedings to the jury as evidenced by the attached resume. *See Exhibit* 3. Mr. Freed has not testified as an expert at trial or by deposition in the last four years and has not authored any publications in the last 10 years.

*Summary of Testimony:* As mentioned, Mr. Freed is primarily a fact witness. Mr. Freed (or his firm) has represented Chase (secured creditor) over many years and he will testify as to the Defendant's efforts, statements and pleadings across numerous federal and state districts to delay or thwart the lawful foreclosure of his Newport Beach home. To the extent he may need to explain basic legal and/or bankruptcy terms/concepts to put this factual testimony in context, he is noted as an expert in an abundance of caution. Numerous public filings by Mr. Freed (or his firm) and the Defendant have been produced in discovery. For instance, Mr. Freed is qualified to testify to terms, concepts and actions associated with bankruptcy litigation and related civil proceedings, including but not limited to, a court's determination that the Defendant is a "vexatious litigant,"

the impact of bankruptcy proceedings on nonjudicial foreclosure proceedings, injunctive relief in California Superior Court, the automatic stay in bankruptcy, the Court's finding that a probate estate is not a person under bankruptcy law and subsequent dismissal of Defendant's Wyoming bankruptcy proceedings, and relief available to creditors from serial bankruptcy filers, such as "in rem" relief under Section 362 of the United States Bankruptcy Code.

*/s/ Jake Freed*
**Approved by Jake Freed**

DATED this 6th day of November 2023.

NICHOLAS VASSALLO
United States Attorney

By:   */s/ Margaret M. Vierbuchen*
MARGARET M. VIERBUCHEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November 2023, the foregoing was electronically filed and consequently served on defense counsel.

*/s/ Hunter J. Davila*
For the United States Attorney's Office