Margaret M. Vierbuchen
Wyoming State Bar No. 8-6767
Assistant United States Attorney
United States Attorney's Office for the District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Margaret.Vierbuchen3@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Docket No. 23-CR-95-SWS |
| **PETER SZANTO,** | |
| Defendant. | |

**Government's Second Notice of Intent to Introduce Expert Testimony**

The United States of America hereby provides this second notice of its intent to introduce additional expert testimony, as described below, during its case-in-chief. The United States provides this notice pursuant to Fed. R. Crim. P. 16(c) and this Court's Amended Discovery and Scheduling Order. (ECF No. 63 at 3.) The United States respectfully reserves the right to further supplement this notice. Fed. R. Crim. P. 16(a)(1)(G)(vi), (c).

To avoid surprise or confusion to this Court or the Defendant, the United States is giving courtesy notice of its intent to introduce the below testimony, <u>in addition to</u> that previously noted in the Government's Notice of Intent to Introduce Expert Testimony. (ECF No. 55.) In providing this second notice, the United States does not concede that the anticipated testimony is in fact expert testimony subject to Federal Rule of Evidence 702.

### GARY BLACKLIDGE

The United States may call Gary Blacklidge, a practicing attorney with Jordan Ramis PC based in Portland, Oregon. He is not a retained expert, and is not expected to offer any opinion testimony as anticipated by Rule 702.  Mr. Blacklidge is primarily a fact witness.  His firm was engaged to represent the Chapter 7 Trustee for the bankruptcy estate converted to a case under Chapter 7 in December 2017 from the Chapter 11 bankruptcy case filed by the Defendant in 2016 in the District of Oregon.  This representation included assisting the Trustee in the administration of the Chapter 7 case, which was converted from a case under Chapter 11 as a result of the Defendant's misrepresenting of his finances, maintaining unauthorized bank accounts during the pendency of the case, failure to disclose bank and investment accounts in which he had an interest, and failure to disclose pre-petition transfers to an undisclosed corporation in which he held an interest. In this capacity, Mr. Blacklidge was involved in the bankruptcy proceedings in the District of Oregon underlying the bankruptcy fraud scheme alleged in this criminal case and can testify as to the relevant procedural history.

*Qualifications:*  For over 30 years, Mr. Blacklidge has represented clients in a wide range of real estate matters.  He routinely assists clients in transactional work as well as with foreclosures and judgment executions on real estate and personal property. His experience also includes representing investors purchasing real property from foreclosure sales, redeeming from foreclosure sales, applying for early sheriff's deeds, and obtaining possession following foreclosure.  Mr. Blacklidge also is experienced in debtor/creditor matters, and regularly advises clients in analyzing the potential risks and benefits of structuring transactions or resolving disputes. A large percentage of his practice in the first 20 years of his legal career involved representing Chapter 7 bankruptcy Trustees in liquidating troubled assets and avoiding liens.

Mr. Blacklidge regularly attends the annual seminar hosted by the Northwest Bankruptcy Institute to stay abreast of current developments in U.S. bankruptcy law. He is a current Member and Past-Chair of the Legislation Committee of the Debtor-Creditor Section of the Oregon State Bar where he participates in the review of state legislative proposals that affect debtor/creditor practice and makes legislative proposals for improvement in the law. He is a former member of the Executive Committee of the Debtor-Creditor Section of the Oregon State Bar (2000-2001, 2010-2011), where he served as liaison between the Executive Committee and the Legislation Committee.

Mr. Blacklidge received his B.A. from Oregon State University in 1977 and his J.D. from Northwestern School of Law, Lewis & Clark College in 1990.

Mr. Blacklidge is well qualified to explain basic and relevant legal and bankruptcy concepts to the jury. Mr. Blacklidge has not authored any relevant publications in the last 10 years. In May 2023, Mr. Blacklidge testified as an expert in a receivership hearing on the perfection of IRS liens on LLC membership interests and the receiver's obligations on liquidating real property owned by the LLC.

***Summary of Testimony:*** As mentioned, Mr. Blacklidge is primarily a fact witness who will testify as to the Defendant's actions and statements/filings in the Oregon bankruptcy proceeding (including the Defendant's transfers of funds overseas upon conversion of his Chapter 11 case to a case under Chapter 7 and the appointment of a Trustee, and Defendant's filing of numerous motions and appeals which served to unnecessarily delay the proceedings) as relevant to establishing the bankruptcy fraud scheme alleged in this case. To the extent he may need to explain basic legal and/or bankruptcy terms/concepts to put this factual testimony in context, he is noted as an expert in an abundance of caution. For instance, in order to help assist the jury

understand the facts, Mr. Blacklidge may need to explain to the jury the basics of proceeding in bankruptcy under Title 11 of the United States Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the bankruptcy code; the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and obligations of each; how a bankruptcy case is initiated and the path such cases may take from motions, to dismissal/discharge and appeal; the application of the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapters 7, 11), as well as the differences between those proceedings; and the "discharge" of debt.

      Mr. Blacklidge may also testify to the role and duties of the U.S. Trustee and private trustee's in bankruptcy proceedings and bankruptcy courts. He may explain the process and reasons the Defendant's Petition was converted from Chapter 11 to Chapter 7, which placed the estate under the control of the Trustee.  It is further expected that Mr. Blacklidge may explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," what constitutes property of the estate, abandonment, debtor, debtor in possession, the Voluntary Petition and required financial schedules, the "automatic stay" of the bankruptcy code, secured and unsecured creditors, the appeals process in bankruptcy, adversary proceedings in bankruptcy, the creditors meeting under Section 341 of the bankruptcy code, conversion, a "motion (or order) to show cause;" "motion for relief from automatic stay;" "vexatious litigant;" and "In Rem" relief under Section 362 of the bankruptcy code.

      Finally, Mr. Blacklidge will testify that the Defendant's actions in the Oregon Bankruptcy proceeding resulted in unnecessarily prolonging the proceedings far beyond what is typical in a

Chapter 7 bankruptcy proceeding, and ultimately to the detriment of the estate.  Such actions included, regularly seeking continuances, regularly filing motions and appeals without legal or factual basis,  and failing to cooperate with the Trustee (to include, attempting to hide money from the Trustee).

*/s/ Gary Blacklidge*
**Approved by Gary Blacklidge**

### *WILLIAM COSSITT*

The United States will call William Cossitt, a former Trial Attorney in the United States Trustee's Office for the District of Nevada, to testify at trial. In this capacity, Mr. Cossitt was the Trial Attorney representing the U.S. Trustee in the Chapter 11 bankruptcy proceedings initiated by the Defendant in the District of Nevada in 2013 and subsequently dismissed in 2014. He is not a retained expert and is not expected to offer any opinion testimony. He is primarily a fact witness who will testify as to relevant procedural history in the Nevada bankruptcy proceedings (13-bk-51261) at issue in this case. To the extent his testimony requires that he explain general bankruptcy terms, laws, or procedures, this expert notice is submitted out of an abundance of caution.

*Qualifications:* In addition to his knowledge of the specific facts relevant to the Nevada bankruptcy proceeding alleged to be part of the bankruptcy scheme at issue in this case, Mr. Cossitt has knowledge, skill, experience, training, education and expertise beyond the ordinary lay person in the field of bankruptcy law and proceedings, and he is expected to offer testimony based on this specialized knowledge that will help the trier of fact to understand the evidence and to determine facts at issue. Mr. Cossitt received his J.D. degree from the University of Wyoming in 1988. Afterwards, Mr. Cossitt spent three years as a Law Clerk for the Honorable James H. Thompson, Bankruptcy Judge. Mr. Cossitt engaged in the private practice of law in Reno, Nevada from 1991 to 2002, during which time he primarily engaged in bankruptcy and creditor representation. Mr. Cossitt then served as a Trial Attorney in the U.S. Trustee's Office from 2002 until his retirement from government service in 2018. Although he is no longer a practicing attorney, Mr. Cossitt is well-qualified to explain basic and relevant concepts of bankruptcy law and proceedings to the jury. Mr. Cossitt has not testified as an expert at trial or by deposition in the last four years, nor has he authored any publication in the past 10 years.

*Summary of Testimony:* In order to help assist the jury understand the facts, Mr. Cossitt may need to explain to the jury the basics of proceeding in bankruptcy under Title 11 of the United States Bankruptcy Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the bankruptcy code, the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and obligations of each; how a bankruptcy case is initiated and the path such cases may take from motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapter 7, 11 and 13), as well as the differences between those proceedings; and the "discharge" of debt.

Mr. Cossitt may also testify to the role and duties of the U.S. Trustee and private trustees in bankruptcy proceedings and bankruptcy courts. He may explain the standard permissions and restrictions of a debtor or debtor-in-possession's use and disposition of the estate's property. It is further expected that Mr. Cossitt will explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," debtor, debtor in possession, the Voluntary Petition and required financial schedules, the "automatic stay" of the bankruptcy code, secured and unsecured creditors, Chapter 11 timelines and plan requirements, adversary proceedings, the appeals process in bankruptcy, and the creditors meeting under Section 341 of the bankruptcy code. Finally, Mr. Cossitt may explain ways that the bankruptcy system may be abused by the dishonest debtor, such as how the automatic stay can be used improperly to delay or prevent an event such as foreclosure or eviction, by the use of deeds to transfer property before or during a bankruptcy, by filing adversary proceedings to forum shop, or by serial bankruptcy filings in multiple districts.

*s/ William Cossitt*
**Approved by William Cossitt**

## AMRANE COHEN

The United States will call Amrane Cohen, a Chapter 13 Trustee in Orange, California to testify at trial. Mr. Cohen is the standing Chapter 13 Trustee for the Santa Ana Division of the Central District in California. He was appointed a standing trustee in 1993. In this capacity, Mr. Cohen was the Trustee assigned to the Chapter 13 bankruptcy proceedings initiated by the Defendant in the Southern District of California (SDCA) in February 2013. He is not a retained expert and is not expected to offer any opinion testimony. He is primarily a fact witness who will testify as to relevant procedural history in the SDCA bankruptcy proceedings (13-bk-11148) at issue in this case, to include statements made by the Defendant during the pendency of the bankruptcy proceeding. More specifically, Mr. Cohen was present at a May 9, 2013 hearing where a bankruptcy judge dismissed Defendant's Chapter 13 petition and denied his request for conversion to Chapter 11, informing Defendant he did not qualify for relief under Chapter 13 (because his secured debt exceeded statutory limits) or Chapter 11 (because of rules prohibiting modification of a loan on a principal residence). To the extent his testimony requires that he explain general bankruptcy terms, laws, or procedures, this expert notice is submitted out of an abundance of caution.

*Qualifications:* In addition to his knowledge of the specific facts relevant to the SDCA bankruptcy proceeding alleged to be part of the bankruptcy scheme at issue in this case, Mr. Cohen has knowledge, skill, experience, training, education and expertise beyond the ordinary lay person in the field of bankruptcy law and proceedings, and he is expected to offer testimony based on this specialized knowledge that will help the trier of fact to understand the evidence and to determine facts at issue. Mr. Cohen received a B.A. in economics from UCLA in 1975. He received a MBA in Finance and Information Systems from UCLA in 1980. From 1993 to the present he has been employed as the standing Chapter 13 Trustee for the Santa Ana Division of the Central District of

California. Prior to his appointment as standing trustee, Mr. Cohen was an executive at a financial services firm and a consultant with a "Big 8" accounting firm. Mr. Cohen also worked as a stockbroker for Merrill Lynch from 1975 to 1978. Mr. Cohen is the current Treasurer of the NACTT Academy for Consumer Bankruptcy Education. In 2005, he was the president of the National Association of Chapter 13 Trustees. Mr. Cohen has been a speaker at NACTT Annual Seminars, presented training sessions for attorney members of the Orange County Bankruptcy Forum and the Inland Empire Bankruptcy Forum, and been a guest speaker to the bankruptcy class at Chapman University Law School for 20 years.

Mr. Cohen has not testified as an expert at trial or by deposition in the last four years, nor has he authored any publication in the past 10 years.

*Summary of Testimony:* In order to help assist the jury understand the facts, Mr. Cohen may need to explain to the jury the basics of proceeding in bankruptcy under Title 11 of the United States Code, including the Office of the U.S. Trustee's responsibilities to supervise the administration of bankruptcy cases under the bankruptcy code, the central aims of the U.S. bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the roles and obligations of each; how a bankruptcy case is initiated and the path such cases may take from motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the Bankruptcy Code (in particular, Chapter 13), as well as the differences between those proceedings; and the "discharge" of debt.

Mr. Cohen may also testify to the role and duties of the U.S. Trustee and private trustees in bankruptcy proceedings and bankruptcy courts. He may explain the standard permissions and restrictions of a debtor's use and disposition of the estate's property. It is further expected that

Mr. Cohen will explain common bankruptcy terms, procedures and filings relevant to this case, such as "estate," debtor, the Chapter 13 Voluntary Petition and required financial schedules, the "automatic stay" of the bankruptcy code, secured and unsecured creditors, the creditors meeting under Section 341 of the bankruptcy code, conversion, plan confirmation, threshold requirements for proceeding under Chapter 13 (debt limits) and Chapter 11 (modification rules), and the appeals process in bankruptcy.  Finally, Mr. Cohen may explain some of the ways that the bankruptcy system may be abused by a dishonest debtor, such as failing to report or concealing assets, fraudulently transferring assets, making false statements, or falsifying records.

*s/ Amrane Cohen*
**Approved by Amrane Cohen**

DATED this 15th day of December 2023.

                                                   NICHOLAS VASSALLO
                                                   United States Attorney

                By:    */s/ Margaret M. Vierbuchen*
                            MARGARET M. VIERBUCHEN
                            Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December 2023, the foregoing was electronically filed and consequently served on defense counsel.

                                                   */s/ Hunter J. Davila*
                                                 For the United States Attorney's Office