Christyne M. Martens, WSB #7-5044
Assistant United States Attorney
United States Attorney's Office for the District of Wyoming
P.O. Box 22211
Casper, WY 82602
(307) 261-5434 (phone)
(307) 261-5471 (fax)
christyne.martens@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 23-CR-95-SWS |
| **PETER SZANTO,** | |
| Defendant. | |

**Government's Opposed Combined Motion *in Limine* to Authenticate Records and Notice of Intent to Proceed Under Fed. R. Evid 902(11), 902(13), and 803(6)**

The United States of America, by and through its attorney, Christyne M. Martens, Assistant United States Attorney for the District of Wyoming, hereby files its motion *in limine* to authenticate Google and T-Mobile account records pursuant to Federal Rules of Evidence 902(11) and 902(13). This motion *in limine* shall also serve as a formal notice of the government's intent to introduce the records referenced below pursuant to Federal Rules of Evidence 902(11) and 902(13).

Pursuant to General Order 2020-11, which serves as an addendum to U.S.D.C.L.Cr.R. 47.1(a), undersigned counsel conferred with counsel for the Defendant, and he will not stipulate to the limited authentication of this evidence.

## I.     Introduction and Factual Background

On July 19, 2023, a grand jury for the District of Wyoming returned a three-count *Indictment* charging the Defendant with making a false statement in connection with a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2) (Count One); executing a bankruptcy fraud scheme, in violation of 18 U.S.C. § 157 (Count Two); and falsifying records in a bankruptcy, in violation of 18 U.S.C. § 1519 (Count Three). (ECF No. 1.) Trial is scheduled to commence April 1, 2024. (ECF No. 63.)

On October 6, 2022, FBI Special Agent (SA) Amanda Fritz served Google with an order under 18 U.S.C. § 2703(d), which required it to produce non-content activity and subscriber information regarding three Gmail accounts. Pursuant to that order, Google provided the information on November 14, 2022. Along with the required information, Google provided a certificate of authenticity attested to by Logan Bunn. *Exhibit 1*.

On October 19, 2022, SA Fritz served T-Mobile with an order under 18 U.S.C. § 2703(d), which required it to produce non-content activity and subscriber information regarding phone number ending in 1888. Pursuant to that order, T-Mobile provided information on October 27, 2022. Along with the required information, T-Mobile provided a certificate of authenticity attested to by Travis Maxwell. *Exhibit 2*.

On March 28, 2023, SA Fritz served a search warrant on Google for the contents of the same three Gmail accounts. Google produced the account contents on April 4, 2023. Along with the account contents, Google provided a certificate of authenticity attested to by Jonathan Kinneman. *Exhibit 3*.

The United States brings this motion to simplify and shorten the jury trial in this matter by making the testimony of these three custodial witnesses unnecessary. Federal Rules of Evidence

902(11) and 902(13) provide that "certified records of regularly conducted activity" and "certified records generated by an electronic process or system" are self-authenticating. Based on these two rules, the United States seeks to pre-authenticate the Google and T-Mobile account records using the attached certificates of authenticity. *See Exhibits 1–3*.

To authenticate the Google and T-Mobile account records, the United States intends to send Mr. Bunn, Mr. Maxwell, and Mr. Kinneman subpoenas for their trial testimony unless either: (1) this Court grants this motion and finds their authentication testimony unnecessary; or (2) the Defendant stipulates to the authenticity of the underlying records. Thus, the United States has brought this motion in an effort to avoid wasting the time and resources of this Court, the jury, and three witnesses—whom would likely be required to travel to testify.

To be clear, even if this Court grants this motion, the records at issue will still be subject to other challenges. *See* Fed. R. Evid. 902(13), advisory committee's note to 2017 amendment ("A certification under this Rule can establish only that the proffered item has satisfied the admissibility requirements for authenticity. The opponent remains free to object to admissibility of the proffered item on other grounds. . . ."). The government is not asking this Court to find that any of the underlying accounts or records belong to the Defendant; this will be established at trial through other evidence, including the contents of the records themselves. Thus, this motion serves to simply authenticate the records—an uncontroversial premise—in advance of trial, to conserve the resources of this Court, the jury, the parties, and the witnesses.

**II.     The Google and T-Mobile account records are self-authenticating.**

"The court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Fed. R. Evid.

104(a). A determination as to whether evidence may be self-authenticated under Rule 902 and 803(6) is such a preliminary determination.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). However, certain types of evidence are "self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902; *United States v. Arnold*, 696 Fed.Appx. 903, 906 (10th Cir. 2017) ("[W]hen evidence is self-authenticating under rule 902, it necessarily satisfies Rule 901(a).")

Certified domestic records of a regularly conducted activity are self-authenticating where:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Here, the Google and T-Mobile account records and the corresponding custodians' certificates of authenticity were provided to the Defendant on November 1, 2024 (*Ex. 1* [Bates No. 2869–71], *Ex. 2* [Bates No. 224], *Ex. 3* [Bates No. 607–09]). Szanto has received notice of the government's intention to rely on the certificates through first seeking his stipulation by phone on February 1, 2024, and this pleading. Meeting the final requirement of Rule 902(11), the certificates show that the Google and T-Mobile account records are business records satisfying Rule 803(6)(A)–(C).

Rule 803(6) provides that records of regularly conducted activities are excluded from the rule against hearsay if:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Each of the certificates provides that the custodian of records works at Google or T-Mobile and is authorized to certify the records, the custodian reviewed the records produced, the records are an exact copy kept as part of Google's or T-Mobile's regularly conducted activity, and that the records were made at or near the time the information was transmitted by the Google or T-Mobile user. Thus, the Google and T-Mobile account records are business records that satisfy the requirements of Rule 803(6)(A)–(C), which in turn satisfies 902(11).

These records are similarly self-authenticating as certified records generated by an electronic process or system: "A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11)." Fed. R. Evid. 902(13). As explained above, the certificates show that these records are self-authenticating under Rule 902(11). The certificates also show that the records are an exact copy of the records generated by Google's and T-Mobile's automated system. Thus, Rule 902(13) is also satisfied.

### III. The Confrontation Clause does not prevent the admission of self-authenticating records.

The Confrontation Clause of the Sixth Amendment does not prevent these records from being self-authenticated. The Confrontation Clause "guarantees a defendant's right to confront those 'who bear testimony' against him." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009) (quoting *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). Thus, for an out-of-court testimonial statement to be admissible against a defendant at trial, the declarant must testify or, if the declarant is now unavailable, the defendant must have had a previous opportunity to cross-examine the declarant. *United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (citing *United States v. Pablo*, 625 F.3d 1285 (10th Cir. 2010)).

The Tenth Circuit examined these protections and held that cell phone records are business records and that the accompanying certificate of authenticity offered under Rule 902(11) was not testimonial. *Yeley-Davis*, 632 F.3d at 678–81. In reaching this conclusion, the court relied on the suggestion in *Crawford* that "business records are, by nature, not testimonial, and therefore not subject to the Confrontation Clause" that was later reaffirmed by the Supreme Court in *Melendez-Diaz*. *Id*. at 679. In rejecting the contention to the contrary, the Tenth Circuit explained that the certification authenticating the cell phone records asserted that the information had been kept in Verizon's regular course of business, which defeated the notion that the records had been prepared solely for litigation. *Id*.

By rejecting the contention that certificates under Rule 902 were testimonial, the Tenth Circuit joined other circuit courts of appeal to reach the same conclusion. *Id*. at 680–81; *see also United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) ("[A] routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . .

are not testimonial in nature."). Consequently, there is no constitutional barrier to the self-authentication of these records using the same process approved of in *Yeley-Davis*.

> **IV. The Defendant should affirmatively challenge the self-authentication of the Google and T-Mobile account records, or this Court should deem any objection waived.**

While the Defendant has not agreed to stipulate to the self-authenticating nature of the records, his refusal to do so should not require the government to summon a witness to testify in-person at trial without more. A district court does not abuse its discretion by allowing the government to rely on certificates of authenticity at trial, without live witness testimony, despite a defendant's objection. *United States v. Jenkins*, 540 Fed. Appx. 893, 897, 899–901 (10th Cir. 2014) (affirming on appeal the use of certificates of authenticity despite defendant's trial objection).

While the government could bet on this Court's favorable ruling at trial by relying on the certificates and a notice and failing to produce a live witness, the Federal Rules of Evidence do not require such a gambit. Rule 902(11) allows the opponent of the evidence a fair opportunity to challenge the authenticity of the evidence after reasonable notice. Fed. R. Evid. 902(11). And an opponent of business records under the hearsay rule must show a lack of trustworthiness to prevent their admission. Fed. R. Evid. 803(6)(E). Therefore, both rules contemplate some sort of affirmative challenge to the admission of such evidence.

This reading is consistent with the purpose of the rules. In enacting Rule 902(13), the Advisory Committee explained that "as with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902, advisory committee's note to 2017 amendment. "It is often the case that a party goes to the expense of

producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented." *Id*.

Neither the rule, nor an order from this Court, provide any deadline for the Defendant to challenge the government's use of Rules 902(11) and 902(13). And while the Defendant has not agreed to stipulate to the government's reliance on the certificates of authenticity, there is no guarantee he will actually offer any challenge to the evidence at trial. Therefore, to effectuate the purpose of the rule—to avoid unnecessary cost and inconvenience to this Court, parties, jurors, and witnesses—the Defendant should make any challenge he has in response to this motion, or this Court should deem it waived. That will allow this Court to make a pretrial determination should he make a meaningful challenge and allow the government and its witnesses to plan accordingly.

## V.      Conclusion

The government only seeks to alleviate the need for the custodians of Google's records, Mr. Bunn and Mr. Kinneman, and the custodian of T-Mobile's records, Mr. Maxwell, to appear and testify to the contents of their affidavits at trial. The ruling would not limit the Defendant's ability to challenge the evidence on other grounds. Thus, the government respectfully requests that this Court conclude that the certificates attached as *Exhibit 1–3* show that the Google and T-Mobile account records are business records that satisfy Rules 902(11) and 902(13), and that live witness testimony is unnecessary to authenticate the related records.

**DATED** this 6th day of February 2024.

                        Respectfully submitted,

                        NICHOLAS VASSALLO
                        United States Attorney

By:   */s/ Christyne M. Martens*
       CHRISTYNE M. MARTENS
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, the foregoing was electronically filed and consequently served on defense counsel via CM/ECF.

                        */s/ Hunter J. Davila*
                        UNITED STATES ATTORNEY'S OFFICE