Keith R. Nachbar
Bar No. 6-2808
Keith R. Nachbar, P.C.
703 N. Lincoln Street
Casper, Wyoming 82601
Telephone: (307) 473-8977
Fax: (307) 473-8989
keith@nachbarlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETER SZANTO, )<br>)<br>Defendant. ) | Criminal No. 23-CR-95-SWS |

### DEFENDANT'S MOTION IN LIMINE

**COMES NOW**, Defendant, Peter Szanto, by and though his attorney, Keith R. Nachbar, of Keith R. Nachbar, P.C., and moves the Court *in limine* for an order preventing the United States from making any statements, inferences, or claims on the matters as explained below pursuant to Federal Rules of Evidence 401, 402, 403 and 404. In support of this motion, the Defendant provides as follows:

ARGUMENT

I. The Government and Its Witnesses Should be Prohibited from Using the Term "Vexatious Litigant", "Serial Litigant", or Similar Derogatory Terms

Defendant Peter Szanto has a legal education and has litigated cases in several courts in the United States and other countries. Consequently, Mr. Szanto has been involved in number of court proceedings throughout his lifetime. One of these court proceedings is the subject of this criminal action. Mr. Szanto has been described as a vexatious litigant by the United States and/or some of its witnesses.[1]

The fact that Mr. Szanto has used the legal system for various reasons throughout his lifetime is irrelevant and has nothing to do with determining the merits or the outcome of the case before this Court. It is irrelevant to the matter at hand and is being offered as improper character evidence. Whether Mr. Szanto was deemed or described as a vexatious litigant or a serial litigant does nothing to fairly prove the elements of the government's case here and only serves as an attempt to improperly prejudice the jury against Mr. Szanto.

---

[1] From review of the government's own *Notice of Intent to Offer Expert Testimony*, it appears that use of this term at trial may be intentionally promoted by the government. The notice provides that Jake Freed, an "expert" offered by the government (who also happens to be the attorney for Chase Bank, Defendant's adversary in several court proceedings) is expected to testify to "a court's determination that the Defendant is a vexatious litigant." Government's notice at 12.

Evidence is relevant if it: (1) has a tendency to make a fact more or less probable than it would be without the evidence, and (2) the fact is of consequence in determining the action. *Fed. R. Evidence 401.* Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. *Fed. R. Evidence 404(a).* Evidence of any other crime, wrongdoing, or act is not admissible to prove a person's character in order to show that on a particular occasion, the person acted in accordance with the character. *Fed. R. Evidence 404(b).* Irrelevant Evidence is inadmissible. *Fox v. Makarchuk,* No. 19-CV-207-ABJ, 2021 WL 9563247, at 2 (D. Wyo. June 8, 2021).

Mr. Szanto stands accused of alleged crimes against the Bankruptcy Code. Any evidence or statements about prior private litigation in which he has been involved in has nothing to do with his alleged crimes here and is therefore irrelevant. Evidence of the merits of prior private litigation in cases that have nothing to do with this case serve only to confuse the issues, mislead the jury, and create an unfair prejudice against Mr. Szanto. More specifically, a judge's use of a derogatory term to describe Mr. Szanto in another case, or use of that same or a similar-term by counsel or witnesses in this case has no

evidentiary value and serves only to prejudice the jury against Mr. Szanto as a description of a derogatory character trait.

The use of the terms by the United States or its witnesses cannot pass muster under Federal Rules of Evidence Rules 401 and 404.  The use of the term vexatious litigant, serial litigant, or other similar derogatory terms does not comply with Rule 401 because it does not make his alleged guilt more or less probable, nor is it of consequence to prove any part of any essential element of any charges in the government's action against Mr. Szanto.

The terms are inadmissible pursuant to Rule 404 because Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.  F.R.E. 404.  Additionally, evidence of any wrongdoing or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Because these derogatory descriptors have no relevance to the alleged charges, and their prejudicial effect substantially outweigh the probative value, description of Mr. Szanto as a vexatious litigant, serial

litigant, or other similar derogatory terminology should be barred from being used or mentioned by the government at trial.

II. **The Government's Expert Witnesses Must be Barred from Explaining or Instructing the Jury in the Law and Must be Barred from Making Legal Conclusions During Their Testimony**

In the *Government's Notice of Intent to Introduce Expert Testimony* (Doc. 55), the government identified expected testimony it seeks to elicit from its experts, much of which is inadmissible under the law and a violation of the Defendant's right to a fair trial.

The government has listed Daniel Morse, assistant, U.S. Trustee for the District of Wyoming Bankruptcy Court. The government's designation provides that he will testify to

> the central aims of the US bankruptcy system; the sources of bankruptcy law; the key players in a bankruptcy proceeding and the rules, and obligations of each; how a bankruptcy case is initiated and the path such cases may take for motions, to dismissal/discharge and appeal; the "automatic stay" of creditor actions against the debtor under Section 362 of the bankruptcy code; the various types of proceedings established by different Chapters of the bankruptcy code (in particular, Chapter 7, 11 and 13), as well as the differences between those proceedings; and the "discharge" of debt.

Government's notice at 3. The notice goes on to state that Mr. Morse may testify to "the roles and duties of the U.S. Trustee and private trustee's [sic] in bankruptcy proceedings and bankruptcy

courts.  He may explain the standard permissions and restrictions of a debtor or debtor-in-possession's use and disposition of the estate's property.  It is further expected that Mr. Morris will explain common bankruptcy terms, procedures, and filings relevant to this case." *Id.*

The government also designated Corina Pandeli, a trial attorney with the office of the U.S. Trustee in California; Cameron Gulden, Assistant U.S. Trustee for the District of Nevada; Russell Garrett, a private bankruptcy trial attorney from Oregon; and Jake Freed, a private attorney who represented Chase Bank against the Defendant in several bankruptcy and other proceedings.  The government's notice for each of these witnesses recites oddly similar designations of their expected testimony.[2]

It is apparent from its notice that the government intends to try use each of these witnesses to teach and instruct the jury on principles of bankruptcy law.  The government's expert witnesses intend to comment on the law and offer legal opinions

---

[2]It also appears that the government intends to call multiple experts to testify to the same thing over and over at trial, which would be inappropriate cumulative evidence and should be excluded under F.R.E. 403(needless cumulative evidence).  The Defendant also objects to these witnesses on that ground.

on what the law says, required procedures, or how the law applies to parts of this case.

The experts designated by the government should not be allowed to instruct the jury about what the law says, opine on policies behind the law, testify to required legal procedures or concepts, or testify to how the law or the policies apply to any facts in the case. These matters are prohibited as improper legal conclusions. The jury must obtain all of its instruction on the law from this Court.

The standard is not that experts may testify and offer legal conclusions as long as such testimony would only amount to harmless error, the standard is that expert witnesses may not testify and offer legal conclusions *at all. Convertino v. U.S. Dep't of Just.,* 772 F. Supp. 2d 10, 13 (D.D.C. 2010). Legal conclusions cannot be offered by expert witnesses. *Danner v. Travelers Prop. Cas. Ins. Co.,* No. 1:22-CV-03099-SCJ, 2023 WL 6522179, at 4 (N.D. Ga. July 21, 2023). An expert offers a legal conclusion when he testifies "to the legal implications of conduct," and such testimony is improper because "the court must be the jury's only source of law." *Id.*

It is widely recognized that it is improper for an expert witness to offer legal opinions, conclusions, or otherwise instruct the jury about the law. Instruction about the law must only come from the Court. The authorities are uniform on the issue:

> As a general rule, an expert witness may not give their opinion on a question of domestic law or on matters that involve questions of law, and an expert witness cannot instruct the court with respect to the applicable law of the case, or infringe on the judge's role to instruct the jury on the law. Similarly, experts are prohibited from offering opinions about legal issues that will determine the outcome of a case. Thus, the trial court must limit expert testimony so as not to allow experts to testify regarding legal conclusions by offering opinions on what the law requires or by testifying as to the governing law, and such testimony should ordinarily be excluded because it is not the way in which a legal standard should be communicated to the jury. Thus, expert opinions asserting legal conclusions do not aid the trier of fact in making a decision but, instead, attempt to substitute an expert's judgment for that of the jury's.
>
> . . .
>
> Under the Federal Rules of Evidence and similar state rules and statutes, including those following the Uniform Rules of Evidence, expert witnesses are permitted to express an opinion on an ultimate issue to be decided by the jury, so long as it will assist the trier of fact and does not address matters within the common knowledge and experience of ordinary persons. Notwithstanding such rules, evidence may be excluded where it is not opinion testimony but rather is a statement of a legal conclusion[3] i.e., an opinion on an ultimate issue of law, such as an enumeration of the elements of a cause of action a conclusion as to the existence or nature of a jural relationship, a view as to what

> would constitute appropriate legal standards, or a suggestion of whether legal standards are satisfied or legal requirements have been violated. The expert may not define the law of the case or tell the jury which result to reach, even though the underlying legal concepts may be complex in nature. However, expert testimony reaching legal conclusions may be admissible where the testimony concerns state law or a technical provision peculiar to an industry.

32 C.J.S. Evidence § 838 (footnotes omitted). Further, "expert testimony is not admissible to inform the trier of fact as to the law that it will be instructed to apply to the facts in deciding the case." 4 Jack B. Weinstein et al., *Weinstein's Federal Evidence* § 702.03[3] (supp. 2019) (*citing, e.g.*, *Hygh v. Jacobs*, 961 F.2d 359, 361–62 (2d Cir. 1992)(expert witnesses may not compete with the court in instructing the jury)); *Bethel v. Berkshire Hathaway Homestate Ins. Co.*, 596 F. Supp. 3d 1260, 1267 (D. Colo. 2022).

Experts are permitted to testify to facts, but there is "a clear line between permissible testimony on issues of fact and testimony that articulates the ultimate principles of law governing the deliberations of the jury." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). The experts designated by the government are attorneys. The Tenth Circuit has admonished trial courts that the issue is particularly problematic when the proffered expert is an attorney:

There is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness. While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury.  When an attorney is allowed to usurp that function, harm is manifest in at least two ways.

First, as articulated in *Marx & Co. v. Diners' Club, Inc.,* the jury may believe the attorney-witness, who is presented to them imbued with all the mystique inherent in the title "expert," is more knowledgeable than the judge in a given area of the law.  *Marx,* 550 F.2d at 512.  Indeed, in this case, the expert's knowledge and experience was made known to the jury by both the court and counsel in a manner which gave his testimony an aura of trustworthiness and reliability.  Thus, there is a substantial danger the jury simply adopted the expert's conclusions rather than making its own decision.  Notwithstanding any subsequent disclaimers by the witness that the court's instructions would govern, a practical and experienced view of the trial world strongly suggests the jury's deliberation was unduly prejudiced by the expert's testimony.

Second, testimony on ultimate issues of law by the legal expert is inadmissible because it is detrimental to the trial process.  If one side is allowed the right to call an attorney to define and apply the law, one can reasonably expect the other side to do the same.  Given the proclivity of our brothers and sisters at the bar, it can be expected that both legal experts will differ over the principles applicable to the case.  The potential is great that jurors will be confused by these differing opinions, and that confusion may be compounded by different instructions given by the court, *see United States v. Curtis,* 782 F.2d 593, 599 (6th Cir.1986); *United States v. Ingredient Technology Corp.,* 698 F.2d 88, 97 (2d Cir. 1983).

*Specht v. Jensen*, 853 F.2d 805, 808–09 (10th Cir. 1988)(footnotes omitted).  When the purpose of expert's testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed.  In no instance can a witness be permitted to define the law of the case.  *Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988).  The government's notice shows that this is precisely what the government intends to improperly attempt to do at trial in this case.

Other cases have soundly rejected such attempts.  In *United States v. Zipkin,* 729 F.2d 384 (6th Cir. 1984), the court concluded that allowing a bankruptcy judge to testify on principles of bankruptcy law was prejudicial error.  Central to the court's ruling was the fact that the expert's view of the law was erroneous, and the court's belief that a "jury listening to a bankruptcy judge testify as to a question of bankruptcy law would be expected to give special credence to such testimony."  *Id.* at 387.  The court noted the particular prejudice arising from the testimony of an expert who was "cloaked with the authority of his position as a bankruptcy judge." *Id.* at 387 n. 2.  Here, the government has stopped just short of designating a bankruptcy judge, but the United States Trustees that the government has designated

have a similar cloak of authority.  The government plan is obviously to use these government officials to try to teach the jury bankruptcy law from a perspective that favors its case, and may differ from this Court's instructions on the law.

In *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505 (2d Cir. 1977), an expert in securities law was permitted to give his opinion on the legal standards imposed by a contract to use best efforts to register stock.  The court concluded that this testimony was objectionable because it did not concern practices in the securities business, on which the witness was qualified as an expert, "but were rather legal opinions as to the meaning of the contract terms at issue.  It was testimony concerning matters outside his area of expertise." *Id.* at 509.  The court held the admission to be prejudicial error because of the danger that "the jury may think that the 'expert' in the particular branch of the law knows more than the judge." *Id.* at 512.

Here, the government's proffered testimony of having a series of experts explaining bankruptcy law to the jurors is nothing more than offering the party's own instruction on a very complex area of the law.  This will directly compete with the Court's instructions.  This differs from explaining facts within a scientific, technical, or other specialized

field of knowledge to help a jury understand factual concepts. "The line between a permissible opinion on an ultimate issue and an impermissible legal conclusion is not always easy to discern." *United States v. McIver,* 470 F.3d 550, 562 (4th Cir. 2006). Permissible testimony provides the jury with the tools to evaluate an expert's ultimate conclusion and focuses on questions of fact that are amenable to the scientific, technical, or other specialized knowledge within the expert's field. *United States v. Dazey,* 403 F.3d 1147, 1171–72 (10th Cir. 2005) ("Even if [an expert's] testimony arguably embraced the ultimate issue, such testimony is permissible as long as the expert's testimony assists, rather than supplants, the jury's judgment.").

If the government's experts are permitted to offer the proposed opinions on what the law is in the area of bankruptcy, what paths and procedures are proper in bankruptcy court, the policies behind bankruptcy law, key players in bankruptcy cases, and other similar legal concepts, then they will be doing nothing more than instructing the jury on bankruptcy law, a practice that is within this Court's province, and is widely recognized as off limits for expert witnesses. An order *in limine* prohibiting such conduct will be beneficial and necessary to prevent such misconduct from infecting the trial herein.

## CONCLUSION

Any mention, reference to, interrogation concerning, or attempt to suggest in any manner, either directly or indirectly, information on the issues set forth above should be barred.

The Motion *in limine* on these points should be granted.

**DATED** this 9th day of February 2024.

                                Peter Szanto, Defendant

                                By:  /s/
                                Keith R. Nachbar
                                Bar No. 6-2808
                                Keith R. Nachbar, P.C.
                                703 N. Lincoln St
                                Casper, WY 82601
                                307-473-8977
                                keith@nachbarlaw.com

                                **ATTORNEY FOR DEFENDANT**