Margaret M. Vierbuchen
Wyoming State Bar No. 8-6767
Assistant United States Attorney
United States Attorney's Office for the District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
margaret.vierbuchen3@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Docket No. 23-CR-95-SWS |
| **PETER SZANTO,** | |
| Defendant. | |

## Government's Response to Defendant's Motion to Allow Video Appearance

The United States of America, by and through Assistant United States Attorney Margaret M. Vierbuchen, respectfully submits this response to Defendant's Motion to Allow Video Appearance at Friday's status hearing.  *See* ECF No. 101.

**Procedural History**

1. On July 19, 2023, a grand jury for the District of Wyoming returned a three-count Indictment charging the Defendant with making a false statement in connection with a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2) (Count One); executing a bankruptcy fraud scheme, in violation of 18 U.S.C. § 157 (Count Two); and falsifying records in a bankruptcy, in violation of 18 U.S.C. § 1519 (Count Three). ECF No. 1.

2. As outlined in the Indictment, it is alleged that Defendant engaged in a nine-year scheme to hinder and obstruct the lawful foreclosure of his Newport Beach home, valued at approximately $4.5 million in 2022, which culminated in his initiating a fraudulent bankruptcy proceeding in Wyoming for the purpose of invoking the Bankruptcy Code's automatic stay provision. *See id.*

3. On August 8, 2023, law enforcement arrested Defendant at the Newport Beach property. ECF No. 9 at 4. Shortly thereafter, Defendant appeared before Magistrate Judge Autumn D. Spaeth of the Central District of California (CDCA) for an initial appearance and identity hearing. *Id*. at 10. Over the United States' objection, Judge Spaeth released Defendant on conditions, to include GPS monitoring and surrendering any passports.  As to his health, the Defendant reported to Pretrial Services only that he "was diagnosed with high blood pressure" and "previously had melanoma and a herniated belly button." ECF 15 at p. 4.

4. In his motion, the defendant reports "he is also quite ill with both cancer and kidney failure diagnoses."[1]  The present motion is not the first time the Defendant has reported his alleged ill-health without providing proof to support his claims. Indeed, the government alleges that during his bankruptcy fraud scheme, the defendant often told falsehoods, to include falsehoods about his health and his wife's health, in order to delay the proceedings, thwart foreclosure and/or to abuse the bankruptcy system.  For instance, the defendant has made claims of being diagnosed with significant (and at times fatal) illnesses from which he has recovered.  He has made similar claims of illnesses suffered by his wife.  Attached is a small sampling of the Defendant's claims to federal courts over the years, more often than not under penalty of perjury.  Ex. 1.

---

[1] As to his claims of a "limited budget," the United States refers the Court to the government's Motion to Show Cause at ECF No. 18.

2

5. Further, *while this criminal case was pending*, Defendant filed a motion in the U.S. District Court for the C.D. of California, requesting a postponement of a hearing and falsely claiming, under penalty of perjury, that he was an officer with the Israeli Defense Force (IDF) and was presently in Israel as a result of the tragic events in Israel on October 7, 2023.  Ex. 2.

6. Finally, it is noted that more than one court has found the Defendant has been untruthful.  Of particular note, the United States refers the Court to a 2019 unpublished opinion by a U.S. Bankruptcy Court (Judge Peter McKittrick) describing Defendant's conduct before the Oregon Bankruptcy Court in an adversary proceeding against family members after a three-day trial.  16-bk-3114, Doc. 571. The selections below speak to the United States's request that this Court, where possible, seek independent corroboration of any averments made by Defendant, Peter Szanto, in this criminal case:

   a. Judge McKittrick found that "over more than the past decade, despite having sued his family members numerous times on various theories, Peter has never provided any credible evidence to support any of his claims." *Id*. at 4.

   b. "The court finds much of the testimony of Peter to be incredible and not truthful." *Id*. at 9.  Judge McKittrick goes on to document several instances where the court found the Defendant testified falsely. The court specifically found "[t]he extreme nature of the unsubstantiated allegations made by Peter, and his own testimony, lead the court to conclude that Peter filed the lawsuits for the purpose of harassment."[2] *Id*. at 38.

---

[2] Judge McKittrick also noted that regarding a 2005 lawsuit Defendant filed against his son, Phillip, "Peter testified that his purpose in filing these cross-claims against defendants was to bolster his position in an upcoming settlement conference with [his son] Phillip." After the settlement conference was held, "[t]he evidence establishes that Peter dismissed the claims because they no longer served as a bargaining chip in the case with Phillip." *Id.* at 11.

Judge McKittrick found that in a 2011 case Peter brought against defendants in the District of Nevada, "Peter had provided falsified service documents." *Id*. at 11.

c. Judge McKittrick noted that "Peter submitted fabricated or altered documents to this court and the Office of the United States Trustee (the "UST"). This court ruled at least twice that Peter has altered or fabricated documents." *Id*. at 39.

d. "This Court found Peter in contempt for his failure to cooperate with his Chapter 7 trustee in recovering several hundred thousand dollars Peter transferred to Singapore in violation of this court's orders." *Id*. at 40.

WHEREFORE, the United States respectfully requests that if the Court is inclined to grant the Defendant's request to appear by video at the upcoming hearing based on the reasons stated, the Court require documentary proof of the defendant's health claims directly from defendant's medical provider.

DATED this 27th day of February 2024.

                NICHOLAS VASSALLO
                United States Attorney


By:   */s/ Margaret M. Vierbuchen*
       MARGARET M. VIERBUCHEN
       Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February 2024, the foregoing was electronically filed and consequently served on defense counsel.

            */s/Margaret Vierbuchen*
            For the United States Attorney's Office

4