Keith R. Nachbar
Bar No. 6-2808
Keith R. Nachbar, P.C.
703 N. Lincoln Street
Casper, Wyoming 82601
Telephone: (307) 473-8977
Fax: (307) 473-8989
keith@nachbarlaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 23-CR-95-SWS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER SZANTO, | ) | |
| | ) | |
| Defendant. | ) | |

### *DEFENDANT'S MOTION TO STRIKE*
### *PLAINTIFF'S EXPERT DESIGNATIONS*

**COMES NOW** Defendant, Peter Szanto, by and through his

attorney, Keith R. Nachbar of Keith R. Nachbar, P.C., and for his *Motion*

*to Strike Plaintiff's Expert Designations* states as follows:

### I.    INTRODUCTION

Plaintiff's Expert Designations are insufficient under the Federal

Rules of Criminal Procedure and the Federal Rules of Evidence.  Plaintiff

has filed two notices of designation of experts.  In each, the Plaintiff

fails to provide particularity as to the opinions that are to be offered by

1

its witnesses.  Defendant moves that the Plaintiff's expert witness

designations be stricken for the reasons as follows:

## II.    PLAINTIFF'S DESIGNATIONS ARE INADEQUATE UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G).

Federal Rule of Criminal Procedure 16(a)(1)(G)[1] provides what the

Government must disclose in its expert witness notices.  The rule

requires that the Government's disclosures contain:

1.    A complete statement of all opinions that the government will elicit from the witness;

2.    The bases and reasons for them;

3.    The witness's qualifications, including a list of all publications authored in the previous 10 years; and

4.    A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or deposition.

5.    The witness must approve and sign the disclosure.

Plaintiff has filed two Notices of Intent to Offer Expert Testimony.

The first one was filed on November 6, 2023, and the second one was

filed on December 15, 2023.

### A.    First Notice of Intent to Offer Expert Testimony (November 6, 2023)

In the Government's first notice, it lists a total of five experts that

will testify.  The Government has not met the above requirements for

the witnesses listed in its first notice.

---

[1] As amended through December 1, 2023.

For the first listed witness, Daniel Morse, the Government fails to identify what Mr. Morse's "observations of the Wyoming bankruptcy proceeding at issue" are with any particularity. Also, the Government states that Mr. Morse will "describe the unusual nature of the Wyoming bankruptcy proceeding involving the Defendant" but totally fails to provide what that unusual nature is. The Government further provides that Mr. Morse will testify as to the "basics of the proceedings under Title 11" and the "central aims of the U.S. bankruptcy system" and other legal testimony including "motions, dismissal/discharge, and appeal." The Government then fails to provide what his opinions are regarding the "central aims" of the bankruptcy system. It is difficult to conceive of any circumstance where such testimony, even if properly designated would be proper under the rules of evidence. Unless Mr. Morse was on the congressional committee which created the bankruptcy code, he could never lay foundation for the policy reasons for the bankruptcy system. Not only does the Government fail to specify any of the vast opinions it seeks to elicit, but the Government fails to give the basis and reasons for any of Mr. Morse's opinions or the basis and qualifications for him testifying to the law or the policies underlying the law.

As to its second witness, Corina Pandeli, the Government fails to

provide *any* of her opinions as to how the Defendant's use of the bankruptcy system was "not consistent with the purpose of the bankruptcy system." This leaves Defendant utterly guessing exactly what Ms. Pandeli's opinions will be. The Government also fails to provide a list of all of Ms. Pandeli's publications authored in the previous 10 years as required by the rule.

The third witness, Cameron Gulden, is a witness similar to Mr. Morse in that he is an Assistant Trustee who intends to testify about the same things Mr. Morse intents to testify about. The Government again vaguely states that Mr. Gulden will testify as to the "central aims of the U.S. bankruptcy system" and the "sources of bankruptcy law." The Government again fails to provide Mr. Gulden's actual opinions as to what he sees as the "central aims of the U.S. bankruptcy system" and as to "the sources of bankruptcy law." This testimony, even if the actual opinions were properly provided, would be wholly improper for the same reasons as set forth for Mr. Morse above and for those reasons outlied in Defendant's Motion in Limine. Additionally, it appears that Mr. Gulden will be testifying to substantially the same thing that Mr. Morse will be testifying to and therefore Mr. Gulden's testimony would be needlessly cumulative. In addition to the inadequate designation, Mr. Gulden should be stricken under F.R.E.

Rule 403.  The Government's designation for this witness is a boilerplate repeat of the designation of Mr. Morse, and exactly as inadequate and improper as his.

The fourth listed expert witness, Russell Garrett, is expected to testify as to the "central aims of the U.S. bankruptcy system" and as to "the sources of bankruptcy law."  Again, the Government fails to offer Mr. Garrett's specific opinions on these topics as required by the rules. The Defendant is left to guess exactly what Mr. Garrett will say.  Worse yet, based on the improperly incomplete designation, neither the Court nor the Defendant is in a position to determine whether Mr. Garrett's testimony would even be allowable at all.  The Government has failed to provide the basis for Mr. Garrett to testify to the policy justifications behind the United States bankruptcy system or the sources of bankruptcy law, and failed to enlighten the Court or the Defendant on how such testimony on the law would be proper in any circumstance. Likewise, Mr. Garrett is slated to testify to substantially the same thing as Mr. Morse and Mr. Gulden and Mr. Garrett's testimony is therefore needlessly cumulative.

The Government's fifth witness, Jake Freed, who is an attorney who has been retained by Chase Bank, is expected to testify as to how the Defendant allegedly used bankruptcy to "delay or thwart . . . the

lawful foreclosure of his home."  The Government fails to provide a basis for these opinions and further fails to provide the basis for Mr. Freed's opinions as to why he believes that the aim of the Defendant's bankruptcy action was to delay or thwart a foreclosure.  This is specifically required by the rules and the Government's notice fails to satisfy the requirement.

More troubling on this witness is the Government's intent to attempt to thwart the widely recognized bar on experts offering opinions on the state of mind of the Defendant for the purpose of establishing guilt.  Rule 704(b) of the Federal Rules of Evidence states that an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged and that those matters are for the trier of fact alone.  Here, it appears that the Government intends to try to use Mr. Freed to testify as to the intent of the Defendant which is an element of the crimes alleged against the Defendant.  Mr. Freed cannot testify as to his opinion on the Defendant's intent behind his bankruptcy filings because intent speaks to mental state which is reserved for the trier of fact alone.  Mr. Freed should be stricken.

**B.    Second Notice of Intent to Offer Expert Testimony (December 15, 2023)**

6

The first witness on the Government's Second Notice of Intent is Gary Blacklidge.  The Government intends on using this witness as primarily a "fact witness" and he is not expected to offer any expert opinion.  The witness is however expected to explain to the jury the "central aims of the U.S. bankruptcy system" and "the sources of bankruptcy law."  Again, this witness is testifying to substantially the same thing several other witnesses are expected to testify to and again, the Government fails to provide any hint of the actual opinions. Furthermore, one person's unfounded opinion as to the "central aims of the U.S. bankruptcy system" or "the sources of bankruptcy law" would not be beneficial to the jury in this case.  The jury will likely be instructed by this Court not to consider the reasons for the law, just to apply the law.  This witness's testimony is needlessly cumulative evidence because this is at least the fourth witness designated to testify as to "the sources of bankruptcy law" and the "central aims of the U.S. bankruptcy system" and ironically <u>none</u> of the Government's designations give any preview of what the answers to these interesting but improper and irrelevant questions will be.  The Government also fails to provide the a list of all publications authored by the witness in the previous 10 years and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or

deposition.

The second witness, William Cossitt, is also not retained as an expert and is expected to testify as a fact witness.  Mr. Cossitt, just like four other witnesses above, will be expected to explain the "central aims of the U.S. bankruptcy system" and as to "the sources of bankruptcy law."  Once again, the Government fails to provide Mr. Cossitt's actual opinions and the basis for those opinions as the rule requires.  This is the fifth witness expected to testify as to "central aims of the U.S. bankruptcy system" and as to "the sources of bankruptcy law" driving home the Defendant's point that this evidence, even if permissible (which is it not) is improperly cumulative and should be excluded under Rule 403.

The third witness, Amrane Cohen, is described as primarily a fact witness.  This witness is again expected to testify as to the exact same things as Mr. Morse, Mr. Gulden, Mr. Garrett, Mr. Blacklidge, and Mr. Cossitt, making him the sixth witness designated to testify as to the "basics of the proceedings under Title 11" and the "central aims of the U.S. bankruptcy system" and other legal testimony including "motions, dismissal/discharge, and appeal."  His testimony is therefore inadequately designated, improper and needlessly cumulative.  As it failed to do for any of the witnesses it designated, the Government

states the subject matter of each witness's testimony but fails to state, to any degree whatsoever, the actual opinions that the witnesses will offer. Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires a complete statement of all opinions that the government will elicit from the witness and the Government has failed to comply with the rule. Furthermore, the Government does not provide the witness's qualifications including a list of all publications authored by the witness in the previous 10 years and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or deposition.

### III. CONCLUSION

The Government filed a motion to strike Defendant's expert witness designation on substantially the same grounds upon which the Government's notice is woefully deficient. This Court has already determined that the designations must specify the opinions that will be elicited. The Defendant's designation adopted the standard demonstrated by the Government in its own designation. Since the Government has now successfully urged this Court to impose a higher bar on the designations for the defense, the Government's own work must be held to the same standard. This Court must find that the Government's designations do not meet the standard imposed by the

rule or this court, and strike the designations of the Government's expert witnesses.

      **WHEREFORE**, Defendant Peter Szanto respectfully request that the Court strike the Government's expert witness designations for the reasons set forth above, and that the Court grant such other and further relief as the Court deems just and proper in the premises.

      **RESPECTFULLY SUBMITTED** this 5th day of March, 2024.

                Peter Szanto, Defendant

                By: _/s/_____
                Keith R. Nachbar
                Bar No. 6-2808
                Keith R. Nachbar, P.C.
                703 N. Lincoln St.
                Casper, WY 82601
                307-473-8977
                keith@nachbarlaw.com

                ATTORNEY FOR DEFENDANT