Margaret M. Vierbuchen
Wyoming State Bar No. 8-6767
Assistant United States Attorney
United States Attorney's Office
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Margaret.Vierbuchen3@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Case No. 23-CR-95-SWS** |
| **PETER SZANTO,** | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States respectfully submits this response in opposition to the Defendant's *Pro Se* Petition seeking early termination of probation. (Doc. 213).

1.      On July 19, 2023, a grand jury for the District of Wyoming returned a three-count Indictment charging the Defendant with making a false statement in connection with a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2) (Count One); executing a bankruptcy fraud scheme, in violation of 18 U.S.C. § 157 (Count Two); and falsifying records in a bankruptcy, in violation of 18 U.S.C. § 1519 (Count Three). ECF No. 1.  On March 13, 2024, a grand jury returned a superseding indictment, but the charged counts remained the same.

1

2.      On May 10, 2024, pursuant to a Rule 11(c)(1)(C) plea agreement, the Defendant appeared before this Court, was placed under oath, entered a plea of guilty to Count Two, and admitted to the facts outlined in Count Two of the Superseding Indictment. Docs. 165 &166. The facts giving rise to the Defendant's conviction in this case are outlined in significant detail in the PSR and need not be restated here.

3.      On August 21, 2024, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and imposed a sentence of time served, placed the Defendant on three (3) years of supervised release, and imposed a $7,000 fine. Upon the government's motion, the Court Dismissed Counts One and Three pursuant to the parties' plea agreement.

4.      On March 30, 2026, the Defendant filed a "Request for Ex-Parte Hearing" in which he essentially asked the Court for an ex-parte hearing to discuss his alleged health condition and his need for permission to travel outside of the country for treatment.

5.      On April 3, 2026, the Court denied his request for an ex-parte hearing but granted him leave to refile a non-public filing stating his need for a modification of conditions, and explained the process for doing so.

6.      Rather than file a motion as the Court granted leave for him to do, the Defendant instead waited over two months and filed a different motion, namely, a motion to change venue. Doc. 207. The United States interpreted this motion to change venue as a request to transfer this case to the Central District of California so a newly assigned District Judge would be tasked with ruling on what appears to be the Defendant's anticipated motion to modify conditions of supervised release based on an anticipated future need to travel to unidentified medical facilities in "Europe and Singapore" to seek medical treatments or advice as of yet unknown. On July 20, 2026, the Court denied the motion. (Doc. 212).

2

7.      On July 29, 2026, the Defendant filed the instant motion to terminate his supervised release.  In it he again makes unsupported representations and claims of his need to travel to foreign destinations for treatment of a fatal disease for which he has never provided proof. While he appears to be in compliance with his very minimal terms of supervision, the Defendant has not fully paid the fine the Court ordered.  If the Defendant does have the monetary means to travel, he has the money to pay his outstanding fine in full immediately.

8.      The court should deny the motion without a hearing.  As is clear from the Defendant's recent filings post-conviction, the Defendant's conviction has done little to change his penchant for filing motions with unsupported or outlandish factual claims. This suggests further supervision, not less, is warranted in this case. Further, the Defendant received a significant benefit in reaching the agreement he did with the United States (a substantial downward variance). The Court can consider this fact in determining whether the Defendant should be required to complete all three years of supervised release as the United States requests.

WHEREFORE for the above reasons, the United States respectfully objects to the Defendant's request for early termination of supervised release.

**DATED** this 12th day of August, 2026.

Respectfully submitted,

DARIN D. SMITH
United States Attorney

By:    */s/ Margaret M. Vierbuchen*
MARGARET M. VIERBUCHEN
Assistant United States Attorney

3

## **CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of August, 2026, I mailed via first class mail a copy

of the foregoing document to the Defendant at:

Peter Szanto
4484 Dulin Place
Oceanside CA 92057

_/s/ Andi M. Shaffer_____
UNITED STATES ATTORNEY'S OFFICE