FILED

UNITED STATES DISTRICT COURT DISTRICT OF WYOMING

1:54 pm, 10/1/26

Margaret Botkins
Clerk of Court

# United States District Court

## in and for the Wyoming District

111 S. Wolcott Street - Room 121
Casper, WY 82601

United States of America

Plaintiff

**vs.**

Peter Szanto

Defendant, Probationer

**Criminal Case: 23-cr-95**

## BRADY MOTION

## Requesting Court ORDER For Turn-over of Records

***Oral Hearing is Prayed***

Peter SZANTO

4484 Dulin Place
Oceanside CA 92057

*949-887-2369*

May it please this Honorable Court.

Comes now Probationer and Defendant, Peter Szanto, requesting a Brady ORDER directed to the Wyoming Office of the Department of Justice to produce and to handover to the Court **ALL** medical and educational records of Peter Szanto now in its possession. These materials will assist the Court in adjudication of the Early Termination motion now at bar.

## 1. Pre-Filing Efforts to Confer

The Court's Motion Practice Rule 47.1(b) says the following:

> **(b) Duty to Confer. Except as otherwise ordered, the Court will not entertain any motion unless counsel for the moving party has conferred and made reasonable good faith efforts to resolve the dispute with, or obtain the consent of, opposing counsel prior to filing the motion. The moving party shall state in the motion the specific efforts to comply with this rule and the position of the opposing party. The Court will not consider the motion unless this information is provided. This provision does not apply to cases involving pro se parties, motions to dismiss, motions to suppress or ex parte motions.**

Probationer would qualify as a *pro-se* party so as to waive conferral.

## 2. Purpose of this Motion

*Brady v. Maryland*, 373 U.S. 83 (1963), requires prosecutors to disclose material, exculpatory information, in the government's possession. Here, *Brady* material, is the massive evidence of Probationer's education and health history. The prosecutor is required to disclose; **this includes all information favorable to Szanto**. Documentary

evidence which is already in the Government's hands and possession **should not have been withheld from the Court** during this Early Termination motion.

Specifically, **every matter** referenced in papers Probationer has filed is readily supported by education and medical records which has been **with the DOJ since 2023!!** These materials should have been handed over to the Court to facilitate decision making in this Early Termination application, long ago.

Most important to the present motion are the facts: 1) anyone, even without medical training, can look at Probationer's medical records and readily read the evidence of many consultations and treatments as to kidney disease and its underlying primary cause: hypertension. Hypertension is assessed by heart doctors. And Szanto's cardiology records have also been available These are records sent directly from the University of California to the Wyoming DOJ, no chance of alteration. 2) also, another topic to be discussed in this paper, Probationer's study, research work and training in public health and science are also readily evidenced in his university transcripts. Again, these are records already sent directly from the University of California to the Wyoming DOJ, no chance of alteration.

## 3. Memorandum

It was not until re-reading the Government and the Court's papers that Probationer realized that likely the Department of Justice had not provided the extensive records to the Court. Also, rather than fairly cite to Probationer's medical records and education in the Early Termination Proceeding, the Government's **sole** cynical comment was characterization of all of Probationer's efforts as "unsupported or outlandish factual

claims" [DE 215, page 3, paragraph 8]. A **contemptibly conclusionary** comment which burdens this Court with **sarcastic propaganda** rather than useful facts and knowledge!!

### *a. Brady Rule's Purpose*

The *Brady* rules purpose is stated clearly in that decision:

> **We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.**

*Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963)

Likely the prosecutor did not focus on the fact that this application for early termination is part of the punishment phase of this case: that is, when Szanto's punishment will end. Which is very and exceptionally material to Probationer's efforts to seek new strategies for battling kidney disease outside the USA so he will not die!!

*Brady's* rule is asked to be applied to the instant termination motion:

> **prosecutors have a duty to disclose exculpatory evidence even if not requested to do so**

*Wilson v. Cain*, 11-2803, 2014 WL 880380, page 3 (2014) E.D. Louisiana

The pre-sentencing Officer Harris and Probationer talked at length about Szanto's health and education records in her possession.

In all events, request is now made for an ORDER. That ORDER commanding immediate turnover to the Court of medical records and educational records regarding Probationer now in the possession of the DOJ.

Most respectfully,

Signed at Oceanside CA.

DATED October 1, 2026 ______________________Peter Szanto

## SERVICE

Service is accomplished on filing when the Court's ECF system electronically delivers these papers to all participants.